MEMORANDUM **
William J. Bennett (“Bennett”) appeals the grant of qualified immunity and summary judgment in favor of Officer Sean Gow (“Officer Gow”), Jane Doe Gow, and Grays Harbor County (the “County”). We affirm.
A. Probable Cause for Arrest
An officer has probable cause for arrest if “ ‘the facts and circumstances *287 within the arresting officer’s knowledge are sufficient to warrant a prudent person to believe that a suspect has committed, is committing, or is about to commit a crime.’” Mackinney v. Nielsen, 69 F.3d 1002, 1005 (9th Cir.1995) (quoting United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989)). Here, Bennett had possession of Deann Beglinger’s driver’s license and refused to return it to her; Officer Gow thus had probable cause to believe Bennett had committed third degree theft. See Wash. Rev.Code § 9A.56.020(1)(a)(2009). The arrest of Bennett was constitutionally reasonable, and the district court properly granted Officer Gow qualified immunity for the arrest. Because “[t]he existence of probable cause is a complete defense to an action for false arrest, false imprisonment, or malicious prosecution,” McBride v. Walla Walla County, 95 WashApp. 33, 975 P.2d 1029, 1032 (Wash.Ct.App.1999), summary judgment was also appropriate on Bennett’s state law claim for false imprisonment.
B. Excessive Force and Battery
Police authority “to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.” Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). “Determining whether the force used to effect a particular seizure is ‘reasonable’ under the Fourth Amendment [as a matter of law] requires a careful balancing of ‘the nature and quality of the intrusion on the individual’s Fourth Amendment interests’ against the countervailing governmental interests at stake.” Id. at 396, 109 S.Ct. 1865 (quoting Tennessee v. Garner, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)).
Here, although the crime was relatively minor, Bennett turned the encounter from bad to worse by refusing Officer’s Gow’s instructions to hand him the license and by walking away despite the officer’s instructions to stop. Bennett also twisted away when Officer Gow began to handcuff him. Officer Gow then pushed Bennett to the ground using relatively minor force and finished handcuffing him. Although certainly uncomfortable and unpleasant, the take-down was not an objectively unreasonable use of force, and the district court properly granted qualified immunity to Officer Gow on this claim.
Summary judgment on the battery claim was also appropriate. Although a claim for battery can “[arise] out of the use of excessive force to effectuate an arrest,” Staats v. Brown, 139 Wash.2d 757, 991 P.2d 615, 627-28 (2000), if an “officer’s] use of force was reasonable,” then any “battery claims against the [officer] fail because the touching was lawful.” McKinney v. City of Tukwila, 103 Wash.App. 391, 13 P.3d 631, 641 (Wash.Ct.App.2000).
C. Outrage
“The tort of outrage requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress.” Kloepfel v. Bokor, 149 Wash.2d 192, 66 P.3d 630, 632 (2003). The first element requires proof of “behavior so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.” Id. (internal quotations and citations omitted). Even viewing all facts in the light most favorable to Bennett, Officer Gow’s conduct was not so “extreme” or “atrocious” as “to go beyond all possible bounds of deeency.” Summary judgment was proper on this claim as well.
*288 Appellee’s motion to file a physical exhibit, a DVD, is denied as moot.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.